UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DONNA SMITH ET AL** | **CASE NO. 6:25-CV-01197** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WALMART INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (Rec. Doc. 10). Walmart, Inc. ("Walmart") opposed the Motion (Rec. Doc. 15), and Plaintiffs replied. (Rec. Doc. 23). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' motion be DENIED.

### Factual Background

On July 14, 2025, Plaintiffs, Donna and Ambrose Smith, filed a Petition for Damages in state court against Walmart and Vernon Pitts, Sr. ("Pitts"), after Plaintiff Donna Smith slipped and fell "due to a foreign substance on the floor of the aisle in which she was shopping, which at all pertinent times was owned and/or operated by [Walmart]." (Rec. Doc. 1-2, ¶ 2). Plaintiffs allege Donna Smith sustained serious

personal injuries resulting in physical pain, mental anguish, loss of consortium, and necessitating future knee surgery.  (*Id*. ¶¶ 5 & 9-12).

In the Notice of Removal, Walmart alleges that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  (Rec. Doc. 1). Walmart contends that the citizenship of Defendant Pitts should be disregarded because he was improperly joined as "Plaintiffs cannot establish a cause of action against him…" (*Id*. at p. 2).

Plaintiffs filed the instant Motion to Remand asserting that they have stated viable claims against Pitts, such that the Pitts is a proper defendant thereby destroying diversity jurisdiction.  (Rec. Doc. 10).

## Law and Analysis

### I. Law applicable to removal, remand, and improper joinder.

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d

1404, 1408 (5th Cir. 1995). Thus, Walmart, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

In this case, Walmart contends that Pitts, a non-diverse defendant, was improperly joined. (Rec. Docs. 1 & 15). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006).

Walmart does not contend actual fraud in the pleadings; rather, Walmart relies upon the second category of improper removals. As such, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Smallwood, supra*). In deciding whether a party was improperly joined, the Court must resolve

3

all contested factual issues and ambiguities of state law in favor of the plaintiff. *Id.* (citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005)).

While the Court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir.2004) (citing *Travis,* 326 F.3d at 648-49.). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id*. The Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis*, 326 F.3d at 650-51 (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to establish improper joinder). At this stage of the litigation the plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308–09 (5th Cir.2005)

(explaining "[w]e do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so").

## II. Whether Plaintiffs have asserted viable claims against Vernon Pitts, Sr.

Plaintiffs allege Pitts was an employee of Walmart at the time of the incident and was negligent for:

a) Failing to properly inspect the floors and aisles;

b) Failing to follow Walmart's policies and procedures regarding safety and inspection of its floors and aisles;

c) Failing to warn Plaintiff Donna Smith about the dangerous and hazardous condition when he knew or should have known of the foreign substance on the floor;

d) Failing to promptly clean the hazardous and dangerous condition when he knew or should have known of the foreign substance on the floor; and

e) Not seeing the things he should have seen and not doing the things he should have done, as warranted by conditions prevalent at the time, thus failing to act prudently and by Defendant's negligence, causing damage and injury.

(Rec. Doc. 1-2, ¶ 8).

Per Plaintiffs:

Mr. and Mrs. Smith's petition sets forth a cause of action against Vernon Pitts, Sr. and Walmart, Inc. Walmart, Inc. delegated its duty owed pursuant to La.R.S.9:2800.6 to Mr. Pitts to maintain its aisles, passageways and floors in reasonably safe condition and to keep the premises free of any hazardous conditions which might give rise to

5

> damage. Mr. Pitts breached this duty through fault and lack of ordinary care. Mr. and Mrs. Smith have a viable cause of action against Vernon Pitts, Sr. Mr. Pitts is domiciled in the state of Louisiana. His citizenship is not diverse from the plaintiffs who are also domiciled in the state of Louisiana.

(Rec. Doc. 10-2, p. 4).

Walmart maintains that Louisiana law does not permit recovery from Pitts in his individual capacity as pleaded by Plaintiffs because "the allegations against Mr. Pitts equate to nothing more than fault based [on] his general administrative responsibility for performance of his employment." (Rec. Doc. 15, p. 1).

Walmart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its passageways in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6. Under Louisiana law, a manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury. *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, La. R.S. 23:1032. In *Canter v. Koehring*, the Louisiana Supreme Court identified four criteria for determining whether an employee can be found liable to a third party:

> (1) The principal or employer owes a duty of care to the third person..., breach of which has caused the damage for which recovery is sought;

6

    (2) The duty is delegated by the principal or employer to the defendant;

    (3) The defendant...has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances...; and

    (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Id.* at 721.

"Further, the Louisiana Supreme Court has explained that in order for personal liability to attach under *Canter,* 'that person must have some personal contact with and responsibility towards the injured employee.'" *Kemp v. CTL Distribution, Inc.,* 440 F. App'x 240, 246 (5th Cir. 2011) (citing *Esco v. Smith,* 468 So.2d 1169, 1175 (La.1985)); *See also Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 312 (5th Cir. 2005) (dismissing, as improperly joined, claims against corporate officers and safety employees who the plaintiff alleged were imbued with safety responsibilities).

Plaintiffs do not allege that Pitts was present at the time of the incident or that he had any relevant contact with Mrs. Smith. (Rec. Doc. 1-2). Rather, they make the same general allegations against Pitts as they do against Walmart and contend that Walmart delegated its duty owed. (*Id.* at ¶¶ 6 & 8; *see also* Rec. Doc. 10-2, p.

7

4). Nowhere do Plaintiffs allege that Pitts owed Mrs. Smith a personal duty or that Pitts breached such a duty. Nor are there allegations that Pitts independently or intentionally acted in a harmful manner. Allegations such as those in Plaintiffs' state-court petition are not sufficient under *Canter* to impose personal liability on Pitts. *Canter*, 283 So. 2d. at 721.

As conclusory allegations are not accepted as true, the Court finds that Pitts has been improperly joined. *See Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Accordingly, the Court may ignore Pitts' citizenship for the purpose of determining the existence of subject matter jurisdiction. The parties have asserted no other impediment to the Court's exercise of diversity jurisdiction, and the pleadings and notice of removal establish that diversity jurisdiction exists in this case. It is therefore recommended that Plaintiffs' Motion to Remand be DENIED.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of December, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE